UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.W.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, et al.,<br><br>　　　　　　Defendants. | Case No. 24-cv-01692-NC<br><br>**ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE DECISION**<br><br>Re: ECF 13, 16 |

Before the Court is Claimant T.W.'s appeal of the Administrative Law Judge's (ALJ) finding that T.W. was not disabled from March 1, 2019, to September 21, 2021. T.W. contends that the ALJ did not properly weigh opinion evidence, studies, or her work experience. This Court finds that the ALJ properly weighed the evidence, and where there was legal error, it was harmless. Accordingly, this Court affirms the ALJ's decision.

**I.    BACKGROUND**

The Social Security Administration (SSA) found T.W. to be disabled starting from October 15, 2010, due to acquired immunodeficiency syndrome (AIDS), chronic fatigue, restless leg syndrome, insomnia, and depression. ECF 7-3 at 16, 18. On March 22, 2019, the SSA determined that T.W. was no longer disabled as of March 1, 2019. *Id.* at 16.

T.W. subsequently requested a hearing in front of an ALJ to review the SSA's March 22, 2019 decision to end her disability. *Id.* The ALJ found that T.W.'s disability ended on March 1, 2019, but that she became disabled again on September 21, 2021. *Id.* at

16. In the opinion, the ALJ reasoned that T.W. was no longer disabled because she had medically improved starting March 1, 2019, to the point where she was capable of sedentary work with exceptions. *Id.* at 20–21. The ALJ then noted that T.W. again became disabled under Medical-Vocation Rule 201.14 after she changed age categories on September 20, 2021. *Id.* at 28.

T.W. appealed the ALJ's decision and the Appeals Council denied her request for review. *Id.* at 1.

T.W. then appealed the ALJ's decision that she was not disabled from March 1, 2019, to September 21, 2021, to the district court, proceeding pro se. ECF 1. Both parties have consented to magistrate judge jurisdiction. ECF 6; ECF 9.

## II. LEGAL STANDARD

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

The decision of the Commissioner should only be disturbed if it is not supported by substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance"). Even when the ALJ commits legal error, the decision must be upheld if the error is harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld. *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir.1995).

### III. DISCUSSION

#### A. Opinion Evidence

T.W. first challenges the ALJ's weighing of opinion evidence, in particular, the opinion evidence of Brady Dalton, Psy.D., Ele Lozares-Lewis, M.D., Richard Hudson, M.D., Ilka de Gast, Psy.D., and John Andrew Wesley. T.W. argues that each doctor's opinions were not given their due weight despite their opinions being "consistent with each other and the medical evidence." ECF 13 at 4.

In reviewing disability determinations, an ALJ must consider all medical opinion evidence. See *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). And where the medical opinions contradict one another, the ALJ must resolve the conflict. *Andrews*, 53 F.3d at 1041 (citing *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989)). When rejecting or discounting a treating or examining physician's opinion, the ALJ must provide "specific and legitimate" reasons supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir.2008)). This requires "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998)). If a treating physician's opinion is not contradicted by other evidence in the record, the ALJ may reject it only for "clear and convincing" reasons supported by substantial evidence in the record. *See Ryan,* 528 F.3d at 1198.

The ALJ must consider various factors in determining the weight of medical opinions, such as the length and nature of the provider relationship, the support provided within each opinion, and its consistency with the record. *See* 20 C.F.R. § 404.1527(c)(1)–(6). The ALJ does not need to specifically discuss each factor in the disability determination. *Collings v. Saul*, 856 F. App'x 729, 731 (9th Cir. 2021) ("Contrary to [claimant's] contention, there is no case law requiring the ALJ to specifically discuss each of the factors in 20 C.F.R. § 404.1527(c) when assigning weight to a medical opinion—the regulation simply states that the ALJ must 'consider' these factors.").

3

### 1. Ultimate Issue of Disability

Dr. Lozares-Lewis, Dr. Hudson, Dr. de Gast, and Mr. Wesley all opined on the ultimate issue of disability. Dr. Lozares-Lewis found the claimant was "debilitated." ECF 7-3 at 25. Dr. Hudson found that T.W. was unemployable at this time. *Id.* Dr. de Gast found that T.W. was "not able to work." *Id.* at 26. Mr. Wesley stated that it was "impossible" for T.W. to work. *Id.* These are all opinions on the ultimate issue of disability, and not a medical opinion. Because the ALJ saw opinions on the ultimate issue of disability as "reserved for the Commissioner," she did not give specific reasons for not considering these opinions. *Id.* at 25–26. However, physicians may "render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work." *Garrison*, 759 F.3d at 1012 (citing *Reddick*, 157 F.3d at 725). Thus, the Court finds that the ALJ should not have automatically disregarded opinions on the ultimate issue of disability. An ALJ may still reject a treating physician's opinion on the ultimate issue of disability, but they must show "clear and convincing" reasons supported by substantial evidence in the record for an uncontradicted opinion, and "specific and legitimate reasons" for a controverted opinion. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001).

However, when the ALJ commits legal error, the decision must be upheld if the error is harmless. *Treichler,* 775 F.3d at 1099. Here, the error is harmless. Although the ALJ did not consider the doctors' opinion on the ultimate issue of disability, the ALJ did properly consider the medical opinions that supported those opinions. Thus, the ALJ's path to her decision "may reasonably be discerned" and thus, the Court does not remand on this issue. *Id.* The Court more fulsomely examines the ALJ's adequacy in weighing the doctors' medical opinions below.

### 2. Dr. Brady Dalton, Psy. D.

Dr. Dalton's opinion was given "some weight."

The ALJ largely adopted Dr. Dalton's opinion that T.W. had the following "mental limitations as a result of severe mental impairment of depression": sufficient ability to

4

complete simple instructions, follow directions without additional assistance, and to maintain adequate attention, concentration, persistence, and pace as needed to complete a full work day/work week. ECF 7-3 at 23. The ALJ found that Dr. Dalton's opinion was consistent with medical and other evidence, such as T.W.'s mild to moderate depression and unremarkable presentation. *Id*. The ALJ also factored in Dr. Dalton's expertise in disability valuation. *Id.*

The ALJ did not adopt Dr. Dalton's opinion that T.W. would work best in a structured environment with predictable work tasks. *Id.* at 24. In doing so, the ALJ reasoned that T.W. was found to have "no more than mild limitation in managing herself," specifically pointing out that her activities of daily living "indicate that she is able to complete simple tasks." *Id.* at 24. Further, the ALJ found that this part of Dr. Dalton's opinion was already "generally accounted for" by finding T.W. limited to simple, routine tasks. *Id.*

The ALJ sufficiently identified specific and legitimate reasons for adopting Dr. Dalton's opinion, as well as rejecting his opinion that T.W. would work best in a structured environment with predictable work tasks.

### 3. Dr. Ele Lozares-Lewis, M.D.

The ALJ assigned "limited weight" to Dr. Lozares-Lewis's opinion. *Id.* at 25.

Dr. Lozares-Lewis opined that long-term survivors of HIV/AIDS are known to suffer from effects of premature aging, which T.W. experienced. *Id*. The ALJ agreed that Dr. Lozares-Lewis's opinion regarding some of T.W.'s difficulties have been accounted for by finding her limited to a range of sedentary, simple work. *Id.* However, to the extent Dr. Lozares-Lewis's opinion suggested T.W. required more limitations, the ALJ referenced specific evidence in the medical record that showed inconsistency with the doctor's opinion. In particular, the ALJ pointed out that T.W.'s HIV has been stable, T.W.'s objective presentation is not entirely consistent with the degree of symptomatology alleged, and T.W.'s activities suggest the capacity for sedentary work. *Id*. Although the ALJ did not address the length of the T.W.'s relationship with Dr. Lozares-Lewis, the ALJ

5

was not required to do so. *See Collings*, 856 F. App'x at 731.

The ALJ's assignment of "limited weight" to Dr. Lozares-Lewis's opinion is adequately supported by the ALJ's specific citations to inconsistencies between Dr. Lozares-Lewis's opinion and the record as a whole.

#### 4. C. Richard Hudson, M.D.

The ALJ did not give weight to Dr. Hudson's opinion. ECF 7-3 at 25.

Dr. Hudson opined that T.W. had a diagnosis of major depression and her symptoms were "depressed mood, low level energy, [and] disorganization of thought and behavior such as in making decisions and organizing her home and personal life." *Id.* The ALJ did not examine Dr. Hudson's statements regarding T.W.'s symptoms because they "did not specify any functional limitations." *Id.*

The Court finds that Dr. Hudson did specify some functional limitations, such as her disorganization of thought and behavior. *See* 20 C.F.R. § 404.1513 (stating that a medical opinion can include statements about a claimant's limitations in being able to perform mental demands of work activities). The ALJ did not give specific and legitimate reasons for giving Dr. Hudson's statement little weight. However, the Court finds that this error was harmless, as Dr. Hudson's statements are similar to other medical opinions in the record, which the ALJ properly discounted. For example, the ALJ specifically pointed to areas of inconsistency in tempering Dr. de Gast's similar finding that T.W. was depressed and had periods of overwhelm. ECF 7-3 at 25–26; *see supra* Section III.A.5.

While the ALJ did not identify specific and legitimate reasons for not adopting Dr. Hudson's opinion, this error was harmless.

#### 5. Ilka de Gast, Psy.D.

The ALJ assigned "little weight" to Dr. de Gast's opinion.

Dr. de Gast stated T.W.'s diagnoses and described how her symptoms made it difficult for her to work. *Id.* The ALJ adopted Dr. de Gast's statements regarding fatigue and other symptoms, which was accounted for by finding T.W. limited to a range of sedentary, simple work. *Id.* at 26. The ALJ also factored in Dr. de Gast's relationship

6

with T.W. *Id.* at 25. The ALJ did not adopt Dr. de Gast's opinions that indicated T.W. to be more limited. *Id.* at 26. In doing so, the ALJ properly pointed to inconsistencies with the overall medical evidence, including the evidence of mild to moderate depression and T.W.'s unremarkable status exams. *Id*.

The ALJ properly pointed to specific and legitimate reasons for not adopting Dr. de Gasts's opinion.

### 6. John Andrew Wesley

The ALJ assigned "little weight" to Mr. Wesley's opinion.

Mr. Wesley stated that T.W. had severe fatigue, chronic pain, easily overwhelmed, and depression struggles, which made it impossible for her to work. *Id*. The ALJ partially adopted Mr. Wesley's statements regarding T.W.'s symptoms, including fatigue, by accounting for it in limiting T.W. to a range of sedentary, simple work. *Id.* The ALJ did not adopt his statement to the extent they indicate the claimant to be more limited. *Id.* In doing so, the ALJ referenced inconsistency of the record, in particular, the opinions of the State agency medical and psychological consultants. *Id*.

The ALJ identified specific and legitimate reasons for not adopting Mr. Wesley's opinion.

### B. Plaintiff's Personal Evidence

T.W. also argues that the evidence is "consistent with the fact that the patient is a long-term survivor," and should be considered. ECF 13 at 4. The evidence T.W. refers to are studies that show that people with long-term HIV experience various symptoms. *Id.* However, Plaintiff does not specify what the studies were or who they were conducted by, nor did she provide evidence that she herself experienced those symptoms.

T.W. also points to the fact that she worked for 20 years, arguing that it indicates that she wants to work. *Id.* However, an ALJ does not need to address a claimant's work history. *Kekaula v. Berryhill*, No. cv 17-00551 ACK-KJM, 2018 WL 3146590, at *12 (D. Haw. June 27, 2018). Further, work history is just "one of many factors" that the ALJ is instructed to consider. *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998). Here, the ALJ

has considered T.W.'s past job as a phlebotomist, as well as many other factors, such as medical opinions and third-party function reports. ECF 7-3 at 18–28.

Thus, the ALJ did not err in its consideration of the evidence.

## IV. CONCLUSION

This Court finds that generally, the ALJ properly weighed evidence in its decision finding that T.W. was not disabled from March 1, 2019, to September 21, 2021. Where the ALJ made legal errors, the Court finds that the errors were harmless. Accordingly, this Court AFFIRMS the ALJ's decision.

**IT IS SO ORDERED.**

Dated: February 7, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge